**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MAGNETEK, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| KIRKLAND & ELLIS, LLP, an Illinois limited liability partnership, | ) ) ) |
| Defendant. | ) ) ) |

JURY TRIAL DEMANDED

Plaintiff, Magnetek, Inc., for its causes of action against Defendant, Kirkland & Ellis, LLP, hereby alleges as follows:

**I.**

**PARTIES, JURSIDICTION AND VENUE**

1. Plaintiff Magnetek, Inc. ("Magnetek") is a corporation organized and existing under the laws of Delaware, with its principal place of business in Menomonee Falls, Wisconsin.

2. Defendant, Kirkland & Ellis, LLP ("Kirkland"), is a law firm organized as a limited liability partnership with its principal place of business in Chicago, Illinois.

3. This Court has personal jurisdiction over Kirkland & Ellis, LLP pursuant to Section 2-209 of the Illinois Code of Civil Procedure because defendant resides and transacts business in this jurisdiction.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 in that plaintiff's right to relief depends on a question arising

under federal patent law. In addition, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 as Kirkland & Ellis, LLP resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## II.

## **NATURE OF THE ACTION**

6. This civil action for professional negligence arises out of an action which was previously pending in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Ole K. Nilssen v. Magnetek, Inc.,* Civil No. 98-C2229. Kirkland, through several of the partners and associates, represented Magnetek in that action, in which Nilssen alleged that Magnetek had manufactured and sold electronic ballast devices which had infringed upon patents owned by him.

7. As a result of Kirkland's negligent breach of its professional duty in failing to discover or investigate the existence of prior art and prior misconduct which would have made Nilssen's patent claim unenforceable (or invalidated his patent), Magnetek suffered an arbitration award and judgment in the amount of $23,352,439.63.

8. After the judgment was entered and a notice of appeal filed, Nilssen and Magnetek reasonably settled satisfaction of the judgment by Magnetek's payment of $18,750,000.

## III.

## **PROCEDURAL POSTURE**

9. On or about February 15, 2006, Magnetek and Kirkland entered into the first of a series of Tolling Agreements each of which was in substantially the same form. Under each Tolling Agreement, Magnetek agreed to forego filing a lawsuit against Kirkland concerning its representation of Magnetek in the *Nilssen v. Magnetek* matter until expiration of the term stated in the Tolling Agreement. In exchange, Kirkland agreed that it would not raise any defense in a subsequent lawsuit based on the passage of time covered by a Tolling Agreement.

10. The parties entered into at least three separate Tolling Agreements covering the time period of February 15, 2006 through August 14, 2008.

11. On August 14, 2008, the day of the expiration of the final Tolling Agreement, Magnetek filed a lawsuit for legal malpractice against Kirkland in the Circuit Court of Cook County, Illinois, case no. 2008-L-008970, arising from Kirkland's representation of Magnetek in the *Nilssen v. Magnetek* matter (the "State Court Action").

12. Kirkland did not seek to remove the State Court Action to federal court but rather answered the complaint and asserted several affirmative defenses. Kirkland did not assert any affirmative defense based on the Circuit Court's lack of subject matter jurisdiction over the State Court Action.

13. Thereafter, the parties litigated the case in the Circuit Court of Cook County, which included serving and answering written discovery, entering into a protective order and producing tens of thousands of pages of documents to one another.

14. On November 10, 2009, the Illinois Appellate Court for the First District issued *Premier Networks, Inc. v. Stadheim and Grear, Ltd.*, 2009 WL 3762952 (1st Dist.) in which the Court affirmed the dismissal of a legal malpractice case for lack of subject matter jurisdiction where the underlying representation was patent-related.

15. Relying heavily on *Premier Networks*, on December 4, 2009, Kirkland filed a motion to dismiss the State Court Action arguing that the court lacked subject matter jurisdiction over the controversy because plaintiff's right to relief depended on the resolution of substantial questions of federal patent law.

16. On April 5, 2010, the Circuit Court dismissed the State Court Action based on a finding that it lacked subject matter jurisdiction over the controversy. In dismissing the State Court Action, the Circuit Court Judge relied upon the Appellate Court's decision in *Premier Networks*.

## IV.

## COUNT I – LEGAL MALPRACTICE

17. Magnetek incorporates herein by reference each and every allegation set forth in Paragraphs 1 – 16 of this Complaint, as though fully set forth verbatim herein.

18. On or about April 13, 1998, Ole K. Nilssen ("Nilssen") filed a patent infringement action against Magnetek in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Ole K. Nilssen v. Magnetek, Inc.*, Civil No. 98-C2229. Nilssen's U.S. Patent No. 5,432,409 (the "409 Patent") was one of the primary focal points of the litigation, as the 409 Patent covered a majority of the alleged infringing sales. Kirkland conducted the defense of Magnetek in that litigation and assumed a professional duty of due care in connection with that litigation, and took

4

responsibility for the conduct of all investigation and discovery relating to the patent infringement claims. That investigation and discovery should have included prior art and the prior misconduct of Nilssen in previous litigation and in his dealings with the Patent and Trademark Office.

19. Shortly before the trial was scheduled to commence in *Nilssen v. Magnetek* and after Kirkland completed what it professed to be necessary discovery and investigation of the patent claims, a settlement was reached whereby the parties agreed to conduct an arbitration focused exclusively on the 409 Patent and on evidence limited to the discovery produced in the litigation. Kirkland also advised Magnetek with respect to the advisability of the settlement agreement and arbitration. Thereafter, Kirkland represented Magnetek in the arbitration.

20. The arbitration was conducted in Chicago, Illinois, before a single arbitrator, who issued an award on April 19, 2005, in favor of Nilssen and his co-plaintiff and against Magnetek in the amount of $23,352,439.63.

21. In May of 2005, Nilssen filed and served a Petition to Confirm the Arbitration Award in the United States District Court, for the Northern District of Illinois, Eastern Division, Civil No. 05-C2933. Magnetek also filed a Petition to Vacate the Arbitration Award on the grounds that Nilssen concealed prior art and misconduct in connection with his filing of the 409 Patent which precluded enforcement or invalidated the Patent. In connection with the Motion to Vacate the Award, Magnetek specifically alleged that Nilssen committed fraud and concealed critical prior art in other related electronic ballast patents which was not discovered by Magnetek in time for the arbitration proceeding.

5

22. Magnetek fortuitously and independently discovered this prior art information and Nilssen's misconduct, having relied wholly upon the legal expertise and advice of Kirkland regarding the defense of the patent litigation and arbitration, including all defenses based upon any prior art and misconduct.

23. On April 16, 2008, United States District Judge Samuel Der-Yeghiayan issued his Memorandum Opinion confirming the Arbitration Award and denying the Petition to Vacate. The Court concluded that although it could vacate an arbitration award which was procured by corruption, fraud or undo means, it was Magnetek's burden to demonstrate that the corruption, fraud, or undo means was not discoverable upon the exercise of due diligence prior to the arbitration. In the course of this decision to enforce the arbitration award, the Court specifically found that even if Magnetek itself was not aware of the alleged fraud and prior art concealed by Nilssen, Magnetek's counsel - Kirkland - should have been able to ascertain such facts in time for the arbitration proceeding.

24. Plaintiff Magnetek relied exclusively upon the discovery, investigation and legal advice of Kirkland during the course of the litigation and arbitration. Kirkland holds itself out as a premier law firm with patent litigation expertise. Magnetek relied upon Kirkland's patent law and litigation expertise in following the legal advice and recommendations of Kirkland.

25. Kirkland, by and through its representation of Magnetek as counsel of record in the *Nilssen* litigation and arbitration, deviated from the applicable standard of care which counsel owed to its client in the subject patent litigation by failing to investigate and discover the prior art and misconduct which had not been disclosed by

Nilssen and entering into a settlement agreement which precluded any further discovery or investigation prior to an arbitration. Had Kirkland discovered the existence of the material prior art and pattern of misconduct of Nilssen prior to the arbitration, Magnetek would have been permitted to assert an effective defense that Nilssen engaged in inequitable conduct and fraud and that the patent was invalid and/or unenforceable.

26. In subsequent cases, decided after the arbitration, the subject patent was found to be invalid and unenforceable. Such findings were based on the prior art and pattern of misconduct referenced above.

27. At all times herein mentioned, Kirkland failed to exercise reasonable care and skill in performing those legal skills for Plaintiff Magnetek which were required to discover the existence of, and assert the legal effect of the prior art and patentee misconduct concerning Patent 409.

28. As a direct and proximate result of Kirkland's negligence and breach of professional duty, Magnetek sustained a judgment of $23,352,439.63, which was ultimately settled for a payment of $18,750,000.

29. As a further proximate and direct result of Kirkland's breach of professional duty, Magnetek was required to retain counsel for purposes of seeking to vacate the arbitration award and to resist the entry of judgment. In connection with the retention of those legal services, Plaintiff Magnetek incurred substantial legal fees and expenses.

30. Magnetek hereby requests a jury trial.

WHEREFORE, Magnetek prays for judgment against Kirkland as follows:

1. For damages in the sum of $18,750,000 plus any additional damages as may be warranted by the evidence introduced at trial;

2. For its reasonable costs and attorneys fees incurred in the proceeding to vacate the arbitration award and settlement thereof;

3. For cost of suit incurred herein; and

4. For such other and further relief as to the Court may seem just and proper.

Respectfully submitted,

MAGNETEK, INC.


By: s/Mitchell B. Katten
     One of its Attorneys

Mitchell B. Katten
Katten & Temple, LLP
542 S. Dearborn St., Suite 1060
Chicago, IL   60605
(312) 663-0800
(312) 663-0900 (fax)

Martin C. Washton
Towle Denison Smith & Maniscalco, LLP
10866 Wilshire Blvd., Suite 600
Los Angeles, CA   90024
(310) 446-5445